# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 12-20947-CR-LENARD

UNITED STATES OF AMERICA

v.

ADRIAN MARINO,
a/k/a "Alex Gonzalez,"
HENRY TARRIO, JR., and
ROBERTO MARINO,

                Defendants.

_____/

## PLEA AGREEMENT

The United States of America and **HENRY TARRIO, JR.** (hereinafter referred to as the "defendant") enter into the following agreement:

1.      The defendant agrees to **plead guilty to Counts 1, 2, 3, and 5** of the Indictment. Count 1 charges the defendant with misbranding Federal Food, Drug, and Cosmetic Act ("FDCA") devices while held for sale after shipment in interstate commerce, in violation of Title 21, United States Code, Sections 331(k), 333(a)(2) and 352(a). Count 2 charges the defendant with conspiring to receive, possess, and sell stolen goods, in violation of Title 18, United States Code, Section 371. Count 3 charges the defendant with possessing, concealing, storing, selling, and disposing of stolen goods, in violation of Title 18, United States Code, Section 2315. Count 5 charges the defendant with transporting, transmitting, and transferring stolen goods in interstate commerce, in violation of Title 18, United States Code, Section 2314.

2.      In return, the United States agrees to seek dismissal of **Counts 4 and 6** of the Indictment, after sentencing.

3.     *The Sentencing Guidelines.*   The defendant is aware and understands that his sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter the "Sentencing Guidelines").   The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which will commence investigation after the guilty plea has been entered.

4.     *Departure from the Sentencing Guidelines.*   The defendant is also aware and understands that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the guilty plea solely as a result of the sentence imposed.

5.     *Penalties.* The defendant also understands and acknowledges that, as to Counts 1, 3, and 5, the Court may impose up to a statutory maximum term of imprisonment of ten (10) years per count, followed by a term of supervised release up to three years. As to Count 2, the Court may impose up to a statutory maximum term of imprisonment of five years, followed by a

term of supervised release up to three years. In addition to a term of imprisonment and supervised release, for each count, the Court may impose a fine of up to $250,000.

6. *Special Assessment Fee.* The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 5 of this agreement, a special assessment in the amount of $400 ($100 per count) will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

7. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. *Early Acceptance of Responsibility.* The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid

preparing for trial and permitting the government and the Court to allocate their resources efficiently.

9.    *Sentencing Recommendation.*   The United States further agrees to recommend that the defendant be sentenced at the **low end** of the sentencing guideline range, as that range is determined by the Court. The United States, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official. Nothing in this paragraph prevents the defendant from seeking a variance or departure below the applicable sentencing guideline range.

10.    *Amount of Loss.*   The defendant understands that the loss amount has yet to be finalized and can be up to $4,000,000 (that is, the value of the stolen goods at issue). The defendant's position, however, is that the loss amount should correlate to the stolen goods attributable to his role in the conspiracy, and that he should not be accountable for the total value of the stolen goods. The United States disagrees with the defendant, and the defendant understands and accepts that the United States will *not* be in agreement with him regarding this issue at his sentencing.

11.    *Sentencing Predictions Are Not Binding.*   The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether

that estimate comes from the defendant's attorney, the government, or the probation office, is **a prediction, not a promise**, and is **not binding** on the government, the probation office or the Court.

12.     The defendant further understands and acknowledges that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is **not binding** on the Court and the Court may disregard the recommendation in its entirety.  The defendant understands and acknowledges, as previously acknowledged in this agreement, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

13.     *Substantial Assistance.*  The defendant agrees to provide substantial assistance to the government with the prospect that the United States may file a Section 5K1.1 of the Sentencing Guidelines or Fed. R. Crim. Proc. 35 motion.  The defendant agrees and understands that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; (c) testifying at trial as a witness for the government; and (d) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents.  In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

14.     The defendant understands that this Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

15.     The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the government. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

16.     *Forfeiture.* The defendant agrees to forfeit to the United States, voluntarily and immediately, all of his right, title and interest to all assets, and/or their substitutes, which are subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853. The property subject to forfeiture includes Abbott Labs FreeStyle diabetic test strips.

17.   *Appellate Waiver.*  The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby **waives all rights** conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the Court establishes at sentencing.  The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b).  However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights.

18.   By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney.  The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowingly and voluntarily made.

19.   The defendant also knowingly and voluntarily agrees to waive any claim or defense that he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited assets.  The defendant agrees to waive his right to appeal the forfeiture.

20.     *Entire Agreement*.  This is the entire agreement and understanding between the United States and the defendant.  There are no other agreements, promises, representations, or understandings.

WIFREDO FERRER
UNITED STATES ATTORNEY

Date: 04/08/2013        By: _____
VANESSA S. JOHANNES
ASSISTANT UNITED STATES ATTORNEY

Date: 4-8-13        By: _____
JEFFREY FEILER, ESQ.
COUNSEL FOR THE DEFENDANT

Date: 4-8-13        By: _____
HENRY TARRIO, JR.
DEFENDANT