UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20947-CR-LENARD

FL. BAR NO. 347604

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HENRY TARRIO,

    Defendant.
_____/

## OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

COMES NOW, defendant Henry Tarrio by and through undersigned counsel and objects to the PreSentence Investigation Report and as grounds states;

Defendant objects as follows;

1. Defendant Henry Tarrio objects to the two (2) level increase (paragraph 39) predicated upon "mass marketing".

2. Defendant, Henry Tarrio objects to the sixteen (16) level increase (paragraph 38) based upon the "loss" calculation. Defendant submits that a loss amount substantially less than One Million Dollars to Two and a Half Million Dollars, as suggested, would however be warranted.

## MASS MARKETING OBJECTION

3. The only factual reference to "Mass Marketing" contained in the PreSentence Investigation Report is found in paragraph 23. It states "the defendants advertised the diabetic test strips over the Internet and they sold diabetic test strips to customers living outside of

Florida."

4. There is no reference to which defendant advertised the test strips. Henry Tarrio never did any advertising on the Internet nor anywhere else at any time.

5. There is no reference to date when advertising occurred. Henry Tarrio did not join the conspiracy until many months after it had begun. It is quite possible that at the time of advertising that Henry Tarrio may not have even been a member of the conspiracy.

6. Even if Henry Tarrio had joined the conspiracy, his role was limited to being a local sales person in Miami. According to the PreSentence Investigation Report (at paragraph 22), the **only** transaction in which Henry Tarrio made a sale, occurred in August 17, 2012 and that sale involved a purchaser from within the State of Florida (Naples, Florida, see paragraph 19).

7. Defendant submits that he should not be held responsible for actions of which he had no participation.

## LOSS CALCULATION

8. A truckload of Abbot Labs materials were stolen in Kentucky on June 24, 2011 (paragraph 14).

9. The truckload included 30,096 boxes of Freestyle Lite Blood Glucose Test Strips and 6,420 boxes of Freestyle Blood Glucose Test Strips (Paragraph 14).

10. Although there were other items in the truckload, according to paragraph 28 "the investigation revealed that they were only involved in selling the "Freestyle Blood Glucose Test Strips".

11. This point needs clarification as paragraph 28 appears to eliminate the 30,096 boxes of "Lite" (Freestyle Lite Blood Glucose Test Strips) and in so doing would hold the

defendants responsible for at most 6,420 boxes of Freestyle Blood Glucose Test Strips.

12. Assuming this is a scrivener's error, the total number of all boxes of Freestyle strips would be 36,516 boxes.

13. The PreSentence Investigation Report places the value of the Free Style test strips at $2,081,046.84 however gives no mathematical basis for that amount.

14. According to my calculator, if one divides $2,081,046.84 by 36,416 boxes the price per box would be Fifty-seven ($57.00) dollars per box ($56.99 to be exact).

15. There is no factual basis in the PreSentence Investigation Report which explains where that price per box was obtained.

16. Henry Tarrio was involved in one transaction wherein he sold 2,000 boxes for $19,000.00. Henry Tarrio did not even receive the money as "Roberto Marino arrived and he took the money from the UC" on August 17, 2012 (paragraph 22).

17. He was merely present at a transaction where Adrian Marino sold 1,200 boxes for $13,200.00 (paragraph 19) on June 22, 2012.

18. He was merely seen in the area when Adrian Marino sold 2,000 boxes on September 15, 2012 (paragraph 16) for an undisclosed amount.

19. If we were to calculate the one deal Henry Tarrio was involved in (2,000 boxes) plus one he was merely present (1,200 boxes) plus one he was in the neighborhood (2,000 boxes) the total would be 5,200 boxes.

20. 5,200 boxes multiplied by $57 per box equals $296,400.

21. Henry Tarrio submits that in no event should he be held responsible for more than $296,400.00.

22. Furthermore, not mentioned in the PreSentence Investigation Report but

contained in the factual proffer is that the truckload was intended for WalMart.

23. Walmart would likely purchase the boxes at "keystone" or 50% of the price at which they would be sold. If so, the intended sale price from the manufacturer to the Walmart store would be less than $150,000 ($148,200 to be more precise).

24. In this case all transactions were wholesale transactions, which is the standard by which calculations should be judged. There never were "retail" sales at any time.

25. As such, Henry Tarrio submits that the proper "loss" amount for which he should be held responsible is ($150,000) which would yield a ten (10) level increase. By no means should he be held responsible for any more than ($296,400) which would yield a twelve (12) level increase and the basis for that calculation should be subject to further scrutiny.

26. The Government disagrees with Defendant's position regarding the issue of the monetary calculation and will not be in agreement with him at Sentencing Regarding the "Mass Marketing" issue (paragraph 6).

27. The Government is considering making a Motion for Reduction of Sentence pursuant to USSG 5k1.1.

                                                     Respectfully submitted,

                                                     JEFFREY E. FEILER, P.A.
                                                     Attorney for Defendant
                                                     7685 S.W. 104th Street
                                                     Suite 200
                                                     Miami, Florida 33156
                                                     Tel:   (305) 670-7700
                                                     Fax:  (305) 669-8198

                                                   By: s/ Jeffrey E. Feiler
                                                       JEFFREY E. FEILER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 18, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                              s/ Jeffrey E. Feiler
                                              JEFFREY E. FEILER